UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERVING SENIORS CARE, INC., and
RAQUEL HECK,

    Plaintiffs,

v.

SERRATORE-REBONG GROUP OF
COMPANIES CORP,

    Defendant.

No. C 23-02333 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT**

### INTRODUCTION

This action concerns a dispute over financial accounting services between a provider and its clients. Plaintiffs assert contract breach and fraud claims alleging that they overpaid for services provided by defendant. A prior order dismissed plaintiffs' fraud claims as insufficiently pled with leave to amend, which plaintiffs now seek. For the reasons below, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

Plaintiff Raquel Heck is CEO of plaintiff Serving Seniors Care, Inc., and both hired defendant Serratore-Rebong Group of Companies Corp. to prepare and file tax returns and facilitate loan applications. Plaintiffs' proposed first amended complaint now specifies six different invoices that they claim represent overbilled amounts. Plaintiffs allege that the amount of hours billed on the invoices exceed reasonable expectation, and that no other

supporting documentation has been provided to specify the services attributable to those hours. The amended complaint maintains each plaintiff's breach of contract and fraud claims, and additionally adds a claim by plaintiff Raquel Heck for breach of 26 U.S.C. § 7434 over allegedly fraudulent tax filings by defendant (First Amd. Compl. ¶¶ 16–27, 58, Dkt. No. 36-1).

Our prior order denied plaintiffs' motion to remand, finding a sufficient basis for diversity jurisdiction, and denied defendant's motion to transfer venue. It also granted dismissal of plaintiffs' fraud claims, which plaintiffs now move to amend to provide the requisite specificity pursuant to Rule 9(b). This order follows full briefing and oral argument.

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires. In the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and undue prejudice to the opposing party, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, leave is not granted automatically: "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Amendment is futile "[i]f no amendment would allow the complaint to withstand dismissal as a matter of law." *Id.* (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

Defendant opposes amendment on multiple fronts. Defendant asserts that the fraud claims remain insufficiently pled, that the new Section 7434 claim is futile, and the additions of exemplary damages and attorney's fees are improper. This order addresses each in turn.

1. **FRAUD CLAIMS.**

Plaintiffs' fraud theory — according to their complaint — is that defendant "has overcharged Serving Seniors for services provided," and as a result plaintiffs "made payments to Defendant which, upon information and belief, exceeded the amounts actually owed [by plaintiff] Serving Seniors for the services provided" (First Amd. Compl. ¶¶ 13–14). The amended complaint describes and appends six invoices from between 2019 to 2022 that

2

1    allegedly represent an "amount of hours stated exceed[ing] the amount reasonably expended"

2    for services by defendant (First Amd. Compl. ¶¶ 16–25).

3        In opposition, defendant claims that plaintiffs "fail to establish either justifiable reliance

4    or damages" because "[e]ach of the invoices attached to Plaintiffs' [Proposed] First Amended

5    Complaint (ECF No. 36-1, Exs. A–E) reflect a 'Total Due' amount, establishing that these

6    invoices have not been paid" (Opp. 3).

7        For all the amended complaint discloses, the invoices were never paid, so there was no

8    reliance and thus no fraud. Attempted fraud is not fraud. The amended complaint does not

9    explain *how* these invoices led to plaintiffs being defrauded. *See Vess v. Ciba-Geigy Corp.*

10   *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the

11   who, what, when, where, *and how*' of the misconduct charged." (emphasis added) (citation

12   omitted)). As our prior order explained: "To state a claim for common law fraud under

13   California law, plaintiff must allege 'misrepresentation, knowledge of its falsity, intent to

14   defraud, justifiable reliance and resulting damage.'" *Serving Seniors Care, Inc. v. Serratore-*

15   *Rebong Grp. of Companies Corp.*, No. C 23-02333 WHA, 2023 WL 4596788, at *6 (N.D. Cal.

16   July 17, 2023) (citation omitted).

17       At this juncture, plaintiffs' sought amendment of their fraud claims is futile, and

18   amendment of the fraud claims is **DENIED**. If in discovery facts emerge to show that plaintiffs

19   were defrauded, they may move for leave to amend the complaint and add fraud claims then, if

20   timely.

21       **2.**    **SECTION 7434 CLAIM.**

22       Our proposed amended complaint also adds a claim for violation of 26 U.S.C. § 7434,

23   which "authorizes the person on whose behalf the fraudulent return was filed to bring a civil

24   action for damages against the person filing the return." *Gidding v. Zurich Am. Ins. Co.*, No.

25   15-CV-01176-HSG, 2015 WL 6871990, at *5 (N.D. Cal. Nov. 9, 2015) (Judge Haywood S.

26   Gilliam, Jr.) (citations omitted). In order to state such a claim, plaintiffs must allege: "(1)

27   Defendants issued an information return; (2) the information return was fraudulent; and (3)

28   Defendants willfully issued the fraudulent information return." *Ibid.* Plaintiffs have done so.

3

Plaintiff Raquel Heck alleges that in 2023, defendant issued and filed two Form 1099-NECs for nonemployee compensation that defendant and plaintiff Serving Seniors paid to Heck in the amounts of $168,344.33 and $1,082,000, respectively. Heck alleges that she did not receive such nonemployee compensation, that defendant refused to provide documentation justifying the issuance of the Form 1099-NECs, and that defendant did so in retaliation for plaintiffs questioning defendant's requested fees (First Amd. Compl. ¶¶ 26–27).

Defendant argues that plaintiffs cannot show the Form 1099-NECs are "information returns" under the statute, and that the fraud claim is not pled with sufficient particularity. Section 7434(f) states that "[f]or purposes of this section, the term 'information return' means any statement described in section 6724(d)(1)(A)." Section 6724(d)(1)(A) in turn defines "information return" as "any statement of the amount of payments to another person" required by any of a list of nine statutory sections of the tax code. Defendant argues that "Form 1099-A (or other 1099 forms)" do not fall within the statements required by those nine enumerated sections, citing cases purportedly finding that conclusion for various types of 1099 forms (Opp. 5). Plaintiffs counter by explaining that there are different types of 1099s, and that 1099-NEC which relates to miscellaneous income qualifies as an information return.

Indeed, defendant's grouping of 1099 forms to argue generally is telling. Different types of 1099s are treated differently:

> Form 1099-MISC and Form 1099-C are distinct for purposes of the definition of an information return under § 7434. Form 1099-C is used to report a cancellation of a debt. It is described in 26 U.S.C. § 6724(d)(1)(B)(x), which is not a subsection of § 6724(d)(1)(A). Form 1099-MISC relates to miscellaneous income. It is an information return identified by § 6724(d)(1)(A).

See *Paules v. Winnaman*, No. LACV1408131JAKMRWX, 2015 WL 13916669, at *4 (C.D. Cal. Aug. 19, 2015) (Judge John A. Kronstadt) (citing *Cavoto v. Hayes*, 634 F.3d 921, 923–24 (7th Cir. 2011)). In defining an information return, the first of nine types of filings enumerated under Section 6724(d)(1)(A) is those required by "section 6041(a) or (b) (relating to certain information at source)." Section 6041(a) in turn requires filings by "[a]ll persons engaged in a trade or business and making payment in the course of such trade or business to another

4

person, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income . . . of $600 or more in any taxable year." The regulations specify that filings of such payments "shall be made on Forms 1096 and 1099." Treas. Reg. § 1.6041-1(a)(2).

The IRS's published instructions likewise explain that a Form 1099-NEC is to be filed "for each person in the course of your business to whom you have paid . . . [a]t least $600 in: 1. Services performed by someone who is not your employee (including parts and materials)." Internal Revenue Serv., U.S. Dep't of Treasury, Cat. No. 74614G, *Instructions for Forms 1099-MISC and 1099-NEC*, at 7 (Dec. 27, 2021), https://perma.cc/ZK76-XSX7. As the foregoing demonstrates, Form 1099-NEC is a filing governed by Section 6041(a), which means it is an information return as defined by Section 6724(d)(1)(A) and is therefore an information return as defined by Section 7434. Defendant's arguments and citations to other types of Form 1099 are inapposite. *See Pitcher v. Waldman*, 591 F. App'x 466, 467 (6th Cir. 2015) (affirming Section 7434 violation based on Form 1099-MISC which also reports income); *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-CV-05836, 2014 WL 292578, at *5 (N.D. Ill. Jan. 23, 2014) (Judge Robert M. Dow, Jr.) (collecting cases). Defendant's own cited decisions make this distinction clear. *See David v. Summit Cmty. Bank*, No. 1:15-CV-179, 2015 WL 12516770, at *3 (E.D. Va. June 15, 2015) (Judge Liam O'Grady) ("The IRS form at issue in this case is a 1099-A, not a 1099-MISC.").

Defendant also argues that the Section 7434 claim is not pled with sufficient particularity, suggesting that there are benign explanations for the Form 1099-NEC filings plaintiffs fail to rule out (Opp. 6). But plaintiffs do not have to rule out alternatives to have pled with particularity. Rather, the amended complaint clearly states that plaintiff Heck did not receive nonemployee compensation that would warrant such filings, and that defendant did so in willful retaliation. The legislative history of Section 7434 makes clear that it was "enacted to address the fact that '[s]ome taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers.'" *Katzman v. Essex*

1  *Waterfront Owners LLC*, 660 F.3d 565, 569 (2d Cir. 2011) (citation omitted).  That the Section
2  7434 claim is straightforward in light of our facts does not mean it lacks particularity, nor does
3  it mean that plaintiffs will succeed on the merits.  What it does mean is that the claim is
4  sufficiently pled, and therefore amendment to add the Section 7434 claim is **GRANTED**.

       **3.     EXEMPLARY DAMAGES AND ATTORNEY'S FEES.**

Defendant argues in essence that plaintiffs should be estopped from the explicit additions for exemplary damages and attorney's fees in the amended prayer for relief.  Defendant asserts that plaintiffs now include a prayer for attorney's fees in bad faith, as "Plaintiffs refused to claim attorneys' fees when attempting to remand to state court, even when pressed directly by the court" (Opp. 9).  But our prior order denied plaintiffs' motion to remand because of their refusal to *dis*claim attorney's fees, and therefore found such fees likely to be at issue in this action as part of the total amount in controversy.  *Serving Seniors Care, Inc.*, 2023 WL 4596788, at *2.  Defendant itself argued "that Plaintiffs could claim attorneys' fees should California law apply, such that those amounts should be considered a basis for the amount in controversy" in opposing the motion to remand (Opp. 9).  That the amended complaint now makes that position explicit is not bad enough to eliminate any attorney's fees.

Likewise, defendant argues that plaintiffs' prior position of limiting damages to $75,000 in seeking remand means they are precluded from now specifying a prayer for relief for exemplary damages.  Again, however, our prior order found the amount in controversy likely to exceed $75,000 in part because the original complaint claimed "other proper relief." *Serving Seniors Care, Inc.*, 2023 WL 4596788, at *2.  Given that our prior order denied remand, the amended complaint now specifies exemplary damages consistent with that order, which is not indicative of bad faith.  Because this is plaintiffs' first attempt at amending their complaint in light of that order, it is also not dilatory.

Nevertheless, the claim for exemplary damages must be stricken because the fraud claims are out, and the tax code does not authorize punitive damages for the Section 7434 claim.  *See Pitcher v. Waldman*, No. 1:11-CV-148, 2012 WL 5269060, at *10 (S.D. Ohio Oct. 23, 2012) (Judge Stephanie K. Bowman), *R. & R. adopted*, 2013 WL 866510 (S.D. Ohio Mar. 7, 2013)

(Judge Herman J. Weber). If the fraud claims ever are revived, then punitive damages will be back on the table as well. Amendment to add prayer for attorney's fees is **GRANTED**, but not for exemplary damages.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. The first amended complaint shall be filed within seven days of this order, in conformance with this order.

**IT IS SO ORDERED.**

Dated: September 15, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE